UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FRED HOLBROOK, JOHN WALLER, FRANK JACKSON and LUCAS ROSSAS VILLAS, individually and on behalf of others similarly situated, | Case No. 08-12179 <br><br> HONORABLE SEAN F. COX <br> United States District Judge |
| Plaintiffs, | |
| v. | |
| GENTEK, INC., a foreign corporation | |
| Defendant. _____/ | |

OPINION & ORDER

Plaintiffs filed this diversity breach of contract cause of action on May 18, 2008 [Doc. No. 1]. The action was originally assigned to another district judge, but was reassigned to this Court on March 5, 2009. After holding a status conference with the parties, the Court requested briefing from the parties regarding the Court's jurisdiction to hear the instant action. Both parties have fully briefed this issue, as well as an issue regarding venue. Pursuant to Local Rule 7.1(e)(2), the Court declines to hear oral argument on these issues. For the reasons that follow, the Court **HOLDS THAT IT HAS SUBJECT MATTER JURISDICTION** over the Plaintiffs' claims; **HOLDS THAT VENUE IS PROPER** in the Eastern District of Michigan; and **DENIES** Defendant's motion for transfer to the District of New Jersey. [Doc. No. 19].

BACKGROUND

Defendant GenTek, Inc. ("GenTek") is a chemical manufacturing company incorporated

in New Jersey, and licensed to do business as a foreign corporation within the state of Michigan. Plaintiff Fred Holbrook ("Holbrook") is a citizen of South Carolina. Plaintiff John Waller ("Waller") is a citizen of the state of Texas. Plaintiff Frank Jackson ("Jackson") is a citizen of Canada. Plaintiff Lucas Rosas Villa ("Villa") is a resident of Mexico. All four Plaintiffs were employed by a GenTek subsidiary corporation, Noma Corporation ("Noma"), which had its principal place of business in the state of Michigan.

In a March 19, 2004 letter to each Plaintiff, GenTek informed them of an opportunity to participate in a bonus plan offering stock and/or cash bonuses. Each of the four plaintiffs accepted the offer, and entered into agreements with GenTek, with GenTek VP of Human Resources Robert Novo ("Novo") signing on behalf of the corporation.

The Plaintiffs each claim that GenTek breached its obligation to pay out cash bonuses under their agreements, with each plaintiff having a potential claim against GenTek for breach of contract in the following amounts: 1) Holbrook - $56,250; 2) Jackson - $28,125; 3) Waller - $86,250; and 4) Villa - $45,000.

Plaintiffs filed suit, alleging breach of contract, on May 18, 2008. During a status conference before the prior judge assigned to this case, on November 12, 2008, the Court ordered the parties to file briefs regarding subject matter jurisdiction and venue being proper in the Eastern District of Michigan [*See* Transcript of Nov. 12, 2008 Status Conference, Doc. No. 14]. The case was then reassigned to this Court on March 5, 2009 [*See* Doc. No. 28].

ANALYSIS

I. <u>Plaintiff Waller Satisfies the Requirements for Diversity Jurisdiction in this Court</u>.

Plaintiffs' claims are filed pursuant to the Court's diversity jurisdiction codified at 28

U.S.C. § 1332.  In their brief, Gentek concedes that, because Plaintiff Waller is a resident of the state of Texas, because Gentek is a Deleware corporation with its principal place of business in New Jersey, and because Waller alleges an amount in controversy of $86,250, Waller's claim satisfies the requirements for diversity jurisdiction before this Court. [Def.'s Br., Doc. No. 19, p.6].  Plaintiffs likewise agree that the Court has subject matter jurisdiction over Waller's claim. [Pl.'s Br., Doc. No. 24, p.2].  The Court agrees that Waller's claim satisfies the requirements for diversity jurisdiction under 28 U.S.C. § 1332, and thus **HOLDS** that the Court has subject matter jurisdiction over Waller's cause of action.

> II. The Court Will Exercise Supplemental Jurisdiction over the Claims of Plaintiffs Holbrook, Jackson and Villa.

Plaintiff Holbrook is a citizen of South Carolina.  Plaintiff Jackson is a citizen of Canada. Plaintiff Villa is a citizen of Mexico.  While these three parties each satisfy 28 U.S.C. § 1332's complete diversity requirement, none satisfies the $75,000 amount in controversy requirement for federal diversity jurisdiction.  However, the Court can, and will, exercise supplemental jurisdiction over these claims.

Pursuant to 28 U.S.C. § 1367, federal courts can exercise supplemental jurisdiction in the following circumstances:

> . . .in any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are that are so related to the claims in the action within such original jurisdiction that they form *part of the same case or controversy* under Article III of the United States Constitution.  Such supplemental jurisdiction *shall include claims that involve the joinder or intervention of additional parties*.

28 U.S.C. § 1367(a) (emphasis added).

Gentek concedes that the Court has discretion to exercise supplemental jurisdiction over

the claims of Holbrook, Jackson, and Villa. [Def.'s Br., p.15]. Relying upon *Ciaramitaro v. Woods*, 324 F. Supp. 1388 (E.D. Mich. 1971), however, Gentek argues that the Court should decline to exercise supplemental jurisdiction. [Def.'s Br., p.15].

In *Ciaramitaro*, after finding the claims of twenty potential plaintiffs did not warrant the consolidation of their claims in a class action lawsuit, the Eastern District of Michigan dismissed the eighteen claims brought by plaintiffs who could not individually satisfy the amount in controversy requirement. *Ciaramitaro* at 1390. In the instant action, where only one of four plaintiffs can satisfy the $75,000 amount-in-controversy requirement, Gentek argues the Court should likewise dismiss the claims of the remaining three plaintiffs. [Def.'s Br., p.15-16]

28 U.S.C. § 1367 was enacted in its current form as part of the Judicial Improvements Act of 1990, Pub. L. 101-650. Other federal courts have held that this section overrules:

> pre-§ 1367 cases holding that the exercise of jurisdiction over a state law claim in which complete diversity and the requisite amount in controversy existed does not give the court authority to exercise pendant jurisdiction over a claim by a second plaintiff who, although diverse, could not meet the jurisdictional amount.

*Garza v. National American Ins. Co.*, 807 F. Supp. 1256, 1258 (M.D. La. 1992); *see also Exxon Mobil Corp. v. Allappattah Services, Inc.*, 545 U.S. 546, 558 (2005) (finding supplemental jurisdiction properly exercised where complaint alleges at least one count by one party which satisfies the requirements of original jurisdiction); *Engstrom v. Mayfield*, 195 Fed. Appx. 444, *3 (6th Cir. 2006) (allowing exercise of supplemental jurisdiction over claims of seven plaintiffs did not meet amount in controversy requirement, where two plaintiffs did meet requirement and claims were part of same case or controversy).

*Ciaramitaro*, decided in 1971, is an example of one such case Congress intended to

overrule in enacting § 1367. As such, Gentek's reliance upon *Ciaramitaro* is misplaced. Further, none of the four factors enumerated in § 1367(c), justifications for the Court to decline to exercise supplemental jurisdiction, are present in the instant action. The case does not raise novel or complex issues of state law, nor does the claims raised by Holbrook, Jackson and Villas predominate over Waller's claim. Further, the Court has not dismissed Waller's complaint satisfying original jurisdiction. Finally, the claims in this case do not demonstrate any "exceptional circumstances" compelling a decline by this Court to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(1)-(4).

For these reasons, the Court **HOLDS** that it has, and will exercise, supplemental jurisdiction over the claims of Plaintiffs Holbrook, Jackson, and Villas.

III. Venue is Proper Before the Eastern District of Michigan.

Gentek concedes that venue is proper for this action in the Eastern District of Michigan. [Def.'s Br., p.16]. Where a civil action against a single defendant is based upon diversity jurisdiction, venue is proper in "a judicial district where any defendant resides. . . ." 28 U.S.C. § 1391(a). A corporate defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). As a foreign corporation registered to do business within the state, Gentek is subject to personal jurisdiction within the Eastern District of Michigan. The Court therefore **HOLDS** that venue is proper before this Court.

IV. Gentek's Motion for Change of Venue to the District of New Jersey Is Denied.

Though GenTek concedes that venue is proper for this action in the Eastern District of Michigan, GenTek moves for this Court to transfer the case to the District of New Jersey.

GenTek makes this motion pursuant to 28 U.S.C. § 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

GenTek raises three primary arguments regarding the "convenience of the parties" in support of transfer to the District of New Jersey: 1) Gentek employee Robert Novo, claimed to be a key witness, works in New Jersey; 2) records relevant to this lawsuit are stored in New Jersey; and 3) none of the named Plaintiffs reside in Michigan. The Court finds none of these arguments warrant a transfer to the District of New Jersey.

GenTek argues that "a primary corporate witness," GenTek Vice President of Human Resources Robert Novo ("Novo"), "works at GenTek's headquarters in Parsippany, New Jersey." [Def.'s Br., Doc. No. 19, p.19]. Novo signed all the agreements on behalf of GenTek. While convenience of witnesses is frequently considered an important factor for evaluating a motion to transfer under § 1404(a), *Perceptron, Inc. v. Silicon Video, Inc.*, 423 F. Supp. 2d 722, 729 (E.D. Mich. 2006), the inconvenience to *one particular witness* alone does not warrant transfer of an action. As the Plaintiffs note:

> GenTek itself has listed forty-four (44) individuals (including Plaintiffs) on its supplemental Rule 26 initial disclosures. Thirty of those witnesses are from states and countries other than New Jersey, including sixteen (16) from Michigan. . .

[Pl.'s Br., Doc. No. 24, p.7]. Given that more of GenTek's own witnesses hail from Michigan than from any other jurisdiction, one GenTek vice president does not warrant a *forum non conveniens* transfer under 28 U.S.C. § 1404(a).

GenTek also argues that, as related to this litigation, the "discoverable documents are concentrated" within a storage facility in the state of New Jersey. [Def.'s Br., p.19]. As Plaintiffs

6

argue, however, "the parties have already agreed to exchange documents on CD in PDF format." [Pl.'s Br., p.7]. As such, the location of the original documents themselves does not warrant a *forum non conveniens* transfer under 28 U.S.C. § 1404(a).

Finally, GenTek argues that "the significant weight normally given to a plaintiff's choice of forum does not apply when no plaintiff is a resident of the forum state." [Def.'s Br., p.19]. While true, GenTek has conceded that venue is proper within the Eastern District of Michigan. As GenTek has not demonstrated a necessary for the "convenience of parties and witnesses, [or] in the interest of justice" under § 1404(a), however, the Court will give deference to the Plaintiffs' choice of forum. For these reasons, the Court **DENIES** GenTek's motion for transfer to the District of New Jersey.

## CONCLUSION

For the reasons explained above, the Court **HOLDS THAT IT HAS SUBJECT MATTER JURISDICTION** over the Plaintiffs' claims; **HOLDS THAT VENUE IS PROPER** in the Eastern District of Michigan; and **DENIES** Defendant's motion for transfer to the District of New Jersey. [Doc. No. 19].

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: June 23, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 23, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager